**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| D.W., b/n/f MEKETA CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-CV-03392 JAR |
| ) | |
| VINCENT HILLYER, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Great Circle, Inc. ("Great Circle")'s Motion to Dismiss. (Doc. No. 8). The motion is fully briefed and ready for disposition.

**Background**[1]

In November 2018, Plaintiff D.W. ("Plaintiff"), a minor child in the custody of the Children's Division of the Missouri Department of Social Services ("Children's Division"), was placed at Great Circle's Webster Groves, Missouri location for residential care and treatment of behavioral problems. Great Circle is a private Missouri non-profit corporation which operates pursuant to a contractual relationship with Missouri Alliance for Children and Families, LLC ("Missouri Alliance"). Missouri Alliance is a private Missouri limited-liability company which assists the Children's Division in serving the needs of children by regularly contracting with Great Circle to provide placement outside the home. At that time, Defendant Vincent Hillyer ("Hillyer") was the CEO of Great Circle.

---

[1] The facts are taken from D.W.'s complaint (Complaint ("Compl."), Doc. No. 1), which the Court accepts as true for the purposes of Great Circle's motion to dismiss.

1

On April 17, 2019, Hillyer choked and restrained Plaintiff to purportedly control his behavior. The incident was captured on surveillance video. A "hotline" report was made pursuant to Mo. Rev. Stat. § 210.115, which governs responsibility to report suspected abuse of a child requiring healthcare. Plaintiff alleges that Hillyer is known to have engaged in a pattern of similar conduct with other children, and to have directed Great Circle staff not to provide medical care to children known to need such care.

Following an investigation, the Children's Division found by a preponderance of the evidence that Hillyer had abused and neglected Plaintiff. Hillyer was thereafter indicted on criminal charges of Endangering the Welfare of a Child in the Second Degree (Mo. Rev. Stat. § 568.050), a Class E felony; Assault in the Fourth Degree (Mo. Rev. Stat. §§ 565.056), a Class A misdemeanor; and Abuse of a Person Receiving Healthcare (Mo. Rev. Stat. § 191.905.6), a Class C felony. Hillyer was also indicted on six charges of Endangering the Welfare of a Child in the Second Degree and six charges of Abuse of a Person Receiving Healthcare related to directing Great Circle employees not to provide other children with needed medical care. He currently awaits trial on these charges.

Plaintiff brings this civil rights action under 42 U.S.C. § 1983 against Great Circle and Hillyer, in his individual and official capacities. Counts I, II, and III are brought pursuant to § 1983. Count I alleges that Hillyer violated Plaintiff's substantive due process right to bodily integrity by choking and restraining him without reasonable cause. Count II alleges that Great Circle and Hillyer were deliberately indifferent to a serious risk of harm to Plaintiff. In Count III, Plaintiff alleges that Great Circle failed to train its employees on how to supervise and treat its child residents so as to ensure their safety and recovery. Counts IV, V, and VI allege state-law claims for battery, negligence, and breach of contract. Great Circle moves to dismiss Plaintiff's

complaint on the grounds that it is not a state actor for purposes of § 1983. See Fed. R. Civ. P. 12(b)(6).

**Legal standard**

To survive a Rule 12(b)(6) motion, the operative complaint must allege facts sufficient to state a facially plausible claim to relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). When determining whether the complaint states a plausible claim, a district court accepts as true the factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. Blankenship v. USA Truck, Inc., 601 F.3d 852, 853 (8th Cir. 2010). The factual allegations need not be detailed, but they must "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

**Discussion**

To state a claim under § 1983, a plaintiff must allege that he has been deprived of a constitutional right by a person acting under color of state law. Sabri v. Whittier All., 833 F.3d 995, 999-1000 (8th Cir. 2016) (citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 942 (1982)). It is well established that only state actors can be held liable under § 1983. Carlson v. Roetzel & Andress, 552 F.3d 648, 650 (8th Cir. 2008); Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d 851, 855 (8th Cir. 2001). Wrongful or discriminatory conduct by private parties is not actionable under § 1983. Ams. United for Separation of Church & State v. Prison Fellowship Ministries, Inc., 509 F.3d 406, 421 (8th Cir. 2007). Great Circle argues that as a private non-profit corporation, it cannot be characterized as a state actor for purposes of § 1983.

Whether a private party may be characterized as a state actor turns on the circumstances of the case. "The Supreme Court has recognized a number of circumstances in which a private party may be characterized as a state actor, such as where the state has delegated to a private party a

power that "traditionally is exclusively reserved to the state"; a private actor is a "willful participant" in activity with the state or its agents; or there is "pervasive entwinement" between the private party and the state. Wickersham v. City of Columbia, 481 F.3d 591, 597 (8th Cir. 2007) (citations and internal quotation marks omitted). See also Meier v. St. Louis, Missouri, City of, 934 F.3d 824, 829 (8th Cir. 2019). The one unyielding requirement is that there be a "close nexus" not merely between the state and the private party, but between the state and the alleged deprivation itself. Id. (citing Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n, 531 U.S. 288, 295 (2001)). No such nexus exists where a private party acts with the mere approval or acquiescence of the state, id. (citing Blum v. Yaretsky, 457 U.S. 991, 1004–05 (1982)), but a private entity may be considered a state actor if it "has acted together with or has obtained significant aid from state officials" in furtherance of the challenged action, id. (quoting Lugar, 457 U.S. at 937).

To hold a private party liable under § 1983, a plaintiff must allege, at the very least, that the private party and the state actor reached "a mutual understanding, or a meeting of the minds." Mershon v. Beasley, 994 F.2d 449, 451 (8th Cir. 1993). To establish state action, it is not sufficient merely to allude to such a meeting of the minds or joint activity between the state and a private party, as allegations of a nexus between the state, a private party, and the alleged deprivation "must be pleaded with specificity and factual support." Magee v. Trs. of the Hamline Univ., Minn., 957 F. Supp. 2d 1047, 1058 (D. Minn. 2013).

In support of its motion, Great Circle argues that Plaintiff has failed to plead a causal nexus between the State and the violation of his rights and notes that the State took action against Great Circle, finding it violated the Children's Division's policies, rules, and laws, and separately indicting its former President and CEO on twelve charges related to Plaintiff's injuries. (See Compl. at ¶¶ 16, 19, 20, 22, 47).

4

In response, Plaintiff contends that he has plausibly alleged Great Circle is a state actor based upon its contractual relationship with Missouri Alliance and the Children's Division. In further response, Plaintiff asserts that Great Circle "exercised powers that are traditionally the exclusive prerogative of the State," citing Mo. Rev. Stat. § 210.109.2 (establishing a system for protection of children by allowing for removal from home and placement in other care).

Great Circle replies that the exercise of state authority in removing and placing children is action solely within the discretion of the Children's Division and that Great Circle does not participate in that process. In further reply, Great Circle maintains that Plaintiff fails to show that the alleged deprivation of Plaintiff's constitutional rights was caused or encouraged by the State.

The Court finds Doe v. N. Homes, Inc., No. 18-CV-3419 (WMW/LIB), 2019 WL 3766380 (D. Minn. Aug. 9, 2019), instructive. In Doe, a resident of a juvenile center owned and operated by North Homes, a Minnesota nonprofit corporation, was sexually assaulted while in detention. Doe brought a civil rights actions against North Homes and its director alleging they violated her rights under the Eighth and Fourteenth Amendments by acting with deliberate indifference to her medical needs, personal safety, and general welfare. Defendants argued that because they were not state actors, Doe had failed to state a § 1983 claim against them.

In her complaint, Doe alleged that "North Homes worked in concert with [Minnesota counties] to provide care for minor children who were detained, incarcerated, committed, or the like, for criminal, mental health, or other protective purposes." Doe, 2019 WL 3766380, at *3. The complaint did not, however, allege that "the state or any county had a contract or agreement with North Homes through which the state assigned to North Homes custody or control of individuals generally or assigned North Homes custody or control of Doe in particular." Id. Without more, the Doe court found the complaint's vague allegation that North Homes "worked in concert" with

5

Minnesota counties provided no basis to conclude that the state either delegated public functions to North Homes or jointly performed public functions with North Homes. Id.

Here, Plaintiff alleges that in November, 2016, Plaintiff was adjudicated a ward of the court by the Juvenile Division of the Cole County Circuit Court and remanded to the custody of the Missouri Children's Division. (Compl. at ¶ 9). In December 2018, the Children's Division contracted with Missouri Alliance for Plaintiff's placement, which in turn contracted with Great Circle for for Plaintiff's housing, education, and treatment at its facility in Webster Groves. (Id. at ¶ 10). Plaintiff further alleges that "[a]t all relevant times, Defendant Great Circle acted under the color of authority of the law of the State of Missouri by virtue of its contractual relationship with Missouri Alliance and the Children's Division entered into at the Children's Division request and for the benefit of the children it is charged with serving." (Id. at ¶¶ 37, 46).

The only issue before this Court at the motion to dismiss stage is whether Plaintiff has alleged enough facts "to raise a right to relief above the speculative level ...." Twombly, 550 U.S. at 555. Unlike in Doe, the Court finds the facts alleged in Plaintiff's complaint state a facially plausible claim that Great Circle and its employees were performing public functions delegated to them by the State by virtue of their referral contracts. Should the factual record develop to the point where a motion for summary judgment on the same theory is appropriate, the Court will consider it at that time.

**Conclusion**

For this reason, the Court will deny Great Circle's motion to dismiss Plaintiff's § 1983 claims against it.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Great Circle, Inc.'s Motion to Dismiss [8] is **DENIED.**

The Court will direct the parties to submit a proposed joint scheduling plan by separate order.

Dated this 27th day of April, 2020.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**